GEORGE SMITH, Plaintiff in Error, *v.* SYLVESTER LIND, Defendant in Error.

### ERROR TO COOK.

Section seven, of the act regulating the practice in the courts of Cook county, does not affect the equality of liens upon judgments; except that the liens attach from the date of the judgment. But this statute does not deprive a party of the benefit of his superior vigilance ; and the first in time with an execution, will take the benefit of his industry.

Upon a motion for a rule upon a sheriff, in reference to his duty with an execution, is not a proper occasion to adjudicate in reference to collaterals as securities, in the hands of one of the parties.

THE facts of this case are fully set out in the opinion of the Court.

The motion was decided by MANIERRE, Judge of the Cook Circuit Court.

BLODGETT & WINSTON, for Plaintiff in Error.

The plaintiff claims the entire proceeds of the real estate levied upon and sold by the execution issued upon the judgment recovered in this case, by reason of his superior diligence in making the levy and sale.

" Where several judgments are entered at the same time, that creditor obtains a preference who first sues out and levies his execution." *Burnley* v. *Boyett*, 1 Howard (Miss.) 39.

" Where two judgments in favor of different plaintiffs are filed and docketed the same day, neither has the preference as a lien, but if one creditor takes out an execution and delivers it to the sheriff before the other creditor issues his execution, and the lands of the debtor are taken and sold, a priority will be gained by the vigilant creditor, and his execution must be first satisfied." *Adams* v. *Dyer*, 8 Johns. 347; *Waterman* v. *Haskins*, 11 Johns. 228; Gilbert on Executions, 55 ; *The Attorney General* v. *Andrew Hardress*, 23 ; *Michael* v. *Boyd*, 1 Carter (Ind.) 259 ; *Rockhill et al.* v. *Hanna et al.*, 15 How. 189; *Reroes* v *Johnson*, 7 Halst. 29.

" Judgment liens did not exist at common law, nor until

the statute of Westminster 2, 13 Edward I, which gave the elegit, and subjected real estate to the payment of debts; and as judgments were entered generally of the term, and as the term was considered in law as one day, and by intendment judgments related to the commencement of the term, the lien which the courts deduced from the statutes giving the elegit, necessarily attached on the first day of the term." Holt, C. J., Salkeld, 212.

So the law continued, till the statute of 29th Charles II directed a date to be given to the judgment when signed, and the lien was shifted and fixed to that date. 4 Kent Com. 490, note *a*.

The difference between liens upon real estate and personal property is this: Executions constitute the liens upon personalty, and the priority of the lien is determined by the time of their delivery to the officer; and no subsequent action or non-action of the officer, or the plaintiff, can change or affect the rights of the parties. *Rogers* v. *Dickey*, 1 Gilm. 644.

On the other hand, it is the judgment which constitutes the lien upon real estate, and the priority once acquired by judgment can never be lost by any lack of diligence, or otherwise, on the part of the plaintiff, or party. In the first case, a levy upon personalty under a junior execution and a sale under the levy pass title, and is entirely regular, and leaves the subject of sale clear of any lien of the senior execution, but the proceeds of sale must be applied by the sheriff upon the execution first in his hands. Crocker on Sheriffs, 178; Gwynne on Sheriffs, 219, 220.

In the other case, the levy and sale of real estate under a junior judgment, leaves the lien under the first judgment in full force upon the property sold, passing title, however, subject to the lien, and the proceeds of sale belong to the judgment under which the levy and sale were made.

In neither case does the levy and sale under one execution enure to the benefit of the other, although, in the one case, the proceeds must be applied upon the first execution, or the sheriff becomes liable therefor.

It is not a question here, as to whether the sheriff performed

his duty in omitting to levy under all executions in his hands upon the real estate. If the other judgment creditors have any claims against him on such account, they can be prosecuted; but in answer to such claim, it might well be urged that it is not the duty of the sheriff to search the records for real estate titles, but simply to levy upon what property is turned out by defendant, or pointed out by plaintiff. See Crocker on Sheriffs, 256.

MATHER, BATES & TAFT, for Defendant in Error.

By a statute of this State, (see Laws Feb. 12, 1853, p. 172; Scates, Treat & Blackwell's Statutes, p. 271, sec. 7,) it is provisoed, "that as between judgment creditors and other parties claiming under the lien of such judgment, rendered at the same term of the court, or on the same day in vacation, there shall be no preference or priority of the lien of one judgment over that of another." *Northern Bank* v. *Roosa*, 13 Ohio, 334.

One judgment cannot by a prior levy obtain a preference over other judgments of the same term, levied within the year. *Rockhill* v. *Hanna*, 4 McLean, 555.

Judgments in Indiana entered on the same day create equal liens, and the issuing of an execution on any one of them does not affect the lien of the others. At page 559, Judge McLean says: "This lien does not depend upon a race of diligence on the executions." It is not liable to be displaced by greater diligence, etc. *Porter* v. *Easthman*, 4 Yerg. 358.

The decision of the Circuit Court is just toward the counter claimants in this case, as far as it goes, in giving them a *pro rata* in the distribution. But we insist it fails of full justice in another aspect. Smith, it is shown, at the time held other collateral and real estate securities for his debt, which remain untouched. We insist, the court was bound to have ordered at least an account and exhaustion of these, on equitable principles, in order, if possible, to give full payment to all. See cases cited on this point in 13 Ill. 43; 1 Story Eq. Jur., sec. 633; *Chesebrough* v. *Millard*, 1 Johns. Ch. 412, 413.

BREESE, J. This was a motion made in the case of *George Smith* v. *Sylvester Lind*, for a rule upon the sheriff of Cook county to apply upon the judgment recovered in the case, the amount bid by the plaintiff, at the sale of certain real estate of the defendant which was levied on and sold under an execution issued in the cause, and to issue to the plaintiff a certificate of purchase for the land sold.

The motion was based upon affidavit, which stated, in substance, that on the 27th day of June, 1861, a judgment was rendered in said case, in favor of said George Smith, in the Circuit Court of Cook county, at the June term, 1861, against defendant Lind, for the sum of seven thousand and sixty-nine dollars and seventy-two cents, and costs of suit, and that on the same day an execution was issued and immediately placed in the hands of the sheriff of said county; that said judgment was the first entered in any of the courts of said county against said defendant, and then unsatisfied, and said execution was the first against said Lind issued and placed in the hands of said sheriff; that on the day afterwards, to wit, the 28th day of June, 1861, and during same term, another judgment was rendered in said court against the said defendant, one in favor of the Chicago Firemen's Insurance Company for the sum of twenty-eight hundred and sixty-one and twenty-two one-hundredths dollars, upon which, on same day, an execution was issued and put in the hands of the sheriff, and that on the 29th day of June, 1861, and during same term of court, another judgment was rendered against same defendant in favor of plaintiff, George Smith, for the sum of sixty-three hundred and twenty and thirty-four one-hundredths dollars, and costs, upon which an execution was issued and placed in hands of sheriff of said county on same day.

That no other judgments were rendered against defendant, Lind, at said term of court, and that afterwards, on the ninth day of September, 1861, affiant, as attorney for Smith, by his diligent examination of the records of Cook county, discovered the real estate described in affidavit, in name of Lind at time of judgment, and directed said sheriff to levy upon said real estate, which was done, and the same was afterwards sold.

under a writ of *venditioni exponas*, issued in said case, and plaintiff bid the sum of eight hundred and fifty dollars, which being the highest and best bid, the said real estate was sold to plaintiff for said sum; that the costs of sheriff in levying upon and selling said property have been paid by plaintiff, and a certificate of sale demanded of sheriff therefor, and that the amount bid be applied by the sheriff upon the judgment recovered in this case, which the sheriff declines to do, and pretends that part of said sum so bid belongs to the said Chicago Firemen's Insurance Company, the other judgment creditor.

That the first and only levy made upon said land sold, was made under the execution issued in this case, and that there is due upon the judgment rendered in this case, the sum of forty-four hundred dollars and upwards; and prays in conclusion for a rule upon said sheriff to compel him to apply said sum so bid upon the judgment in this case, and to issue certificate of sale to plaintiff.

The rule was accordingly entered against the sheriff, to which the sheriff made return, the Chicago Firemen's Insurance Company joining in the return. The return admits the rendition of the judgments as stated in the affidavit, the issuing of the executions, and the levy upon and sale of the real estate as stated.

And claiming that the judgments recovered at the June term of the court, should share alike in the proceeds of the real estate, and that the judgment of the Chicago Firemen's Insurance Company should have a *pro rata* share of said proceeds, by virtue of the act of the legislature entitled "An Act to regulate the practice of the Circuit Court of Cook county, and the Cook County Court of Common Pleas," approved February 12, 1853.

The Chicago Firemen's Insurance Company also claims that certain credits should be made upon the judgments in favor of Smith, on account of collaterals collected by him since judgment recovered, and also that certain collaterals still held by Smith should be credited upon the judgments last recovered, detailed accounts of which are annexed to the return.

An order was thereupon made by the court upon the affidavit and return, dividing the net proceeds of the real estate sale between the two judgments of Smith, and the one of the Chicago Firemen's Insurance Company, *pro rata*, in proportion to the amounts due upon the judgments at the time of the sale of the real estate after all credits allowed, making no credit, however, of the collaterals not realized upon.

To which order of the court the plaintiff then and there excepted, and assigned the following causes of error thereto; and the defendant also excepted to the disallowance of credits of the collaterals :

First. The court erred in refusing to direct that the whole proceeds of the real estate should be applied upon the judgment of George Smith first recovered, the execution on which was levied upon the real estate, and the real estate sold thereunder, on account of the superior diligence exercised in making the levy and sale.

Second. The court erred in ordering any portion of the proceeds of real estate to be paid to the Chicago Firemen's Insurance Company, to be applied upon its judgment.

Third. The court erred in refusing to make the rule upon the sheriff absolute, as prayed for by the plaintiff.

Fourth. The court erred in refusing to compel the sheriff to issue to the plaintiff a certificate of purchase of the land levied on and sold.

Fifth. The court erred in making the entire order as excepted to.

Section seven, of the statute regulating the practice in the Circuit and Common Pleas Courts of Cook county, is as follows : " All judgments rendered in either of said courts shall become liens from the time such judgment shall be entered on the judgment docket of such court : *Provided*, that as between judgment creditors and other parties claiming under the lien of such judgment rendered at the same term of the court, or on the same day in vacation, there shall be no preference or priority of the lien of one judgment over that of another." (Scates' Comp. 271.)

Previous to this statute, all judgments in either of those

courts, were liens only from the last day of the term of the court, at which they were rendered, and were equal liens upon the lands of the judgment debtor from that day. The act cited, does not affect this equality in any way, or alter the law as to that. The only difference between this act and the general law is, that in Cook county, judgments, as liens upon land, instead of attaching on the last day of the term, attach at the time of the recovery of the judgment, should that be the first, or any other day of the term.

The first clause of section seven, created liens from the time the judgments were entered on the docket. This would give a priority of lien over another judgment obtained at the same term. To obviate this, the proviso was adopted, placing all judgments rendered the same day on an equality as to lien. The statute did not design to deprive a party of any advantage he might obtain by the exercise of superior diligence. While the lien was made equal, diligence was left to its reward. Under the general law, the lien of judgments is equal, but the vigilant creditor can acquire a preference in the payment of his judgment, although it has but an equal lien, by first issuing his execution. If one creditor, who is precisely equal to another in point of lien, shall get an advantage by the use of superior diligence in discovering property, making a levy and sale of it, where is the hardship or injustice? If the property is sold below its value, the right of redemption and re-sale remains to the other judgment creditors.

There is certainly some merit in searching records, discovering property, investigating title, and procuring sale of it, and all at the creditor's costs and expense, by which he ought to profit. It appears by the affidavit, that it was through the efforts and at the costs of the plaintiff, a knowledge of the real estate sold was obtained, and it would be a hardship if another creditor who has made no efforts to this end, should enjoy the fruits of this diligence. Both these judgment creditors were in a position to use diligence—one only encountered the labor and expense. To him should be the reward. *Vigilantibus, non dormientibus, jura subveniunt.*

The plaintiff's execution had gained a priority if his judg-

ment had none, as he had placed it first in the hands of the officer, and had a levy and sale made, and this could not be defeated, or impaired, by another execution. *Adams* v. *Dyer*, 8 Johns. R. 347. To the same effect is *Michaels* v. *Boyd et al.*, 1 Carter's Ind. R. 259, basing the decision upon *Adams* v. *Dyer.* So also is *Burney* v. *Boyett*, 1 Howard's Mississippi R. 39, referring also to the same case. And the same is the rule as held in *Waterman* v. *Haskin*, 11 Johns. 228. And also in *Reeves* v. *Johnson*, 7 Halstead N. J. R. 33. And this is considered the true doctrine by the Supreme Court of the United States. *Rockhill et al.* v. *Hanna et al.*, 15 Howard, 189.

On principle and authority we are satisfied, where liens of judgments are equal, one judgment creditor can get a priority over another, by superior vigilance in executing his judgment, and that vigilance was fully shown by the plaintiff in this case.

As to the exception taken by the insurance company, that the court did not dispose of the collateral securities held by the plaintiff, we have to say it was no time or occasion, on the motion before the court, to go into an inquiry of the value of collaterals, or their availability.

The court erred in appropriating any part of this money to pay any other executions than those of the plaintiff, and for that reason their judgment is reversed.

*Judgment reversed.*

WALKER, J., dissents.