# WILLIAM H. LYON *et al.*

*v.*

# EDWARD ROBBINS.

1. DECREE—*when parties not concluded by—until the lapse of three years after rendition.* When a defendant has been brought into court, only by constructive service, and has received no written notice of the existence of a decree against him, as authorized by the statute, such decree is, for the period of three years, simply *provisional*, and subject to be set aside on petition and as of course.

2. SAME—*when becomes final in fact.* Although such decree is final in form, it does not become so in fact, and conclude the parties, until the lapse of three years.

3. SAME—*bill of review must be filed—a writ of error presented—within five years after a decree becomes final.* And in such case, a defendant who has received no actual notice of the pendency ·of the suit, or of the existence of such decree against him, has, from the time it *thus becomes final*, five years within which to prosecute his writ of error, or file his bill of review.

4. FRAUDULENT CONVEYANCES——*effect of—between the parties valid—and as to creditors voidable.* A conveyance made to defraud creditors is valid *inter partes*,

and a *bona fide* purchaser from the grantee for a valuable consideration will be protected—though the title in the party taking the fraudulent conveyance, is subject to be divested by creditors, whose demands such deed was intended to defeat.

5.  JUDGMENTS—*not liens in the order of their rendition—upon property fraudulently conveyed before they were obtained.*  Judgments rendered against a party after a fraudulent conveyance of his property, are not liens upon such estate in the order of their rendition ; and the judgment creditor who first files his bill in chancery, to subject such property to the payment of his judgment, obtains a priority over all other judgment creditors in relation to such estate, which cannot be reached by execution at law.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

The facts in the case fully appear in the opinion.

Mr. H. T. HELM, for the plaintiffs in error.

Mr. D. P. JONES, for the defendant in error

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

In February, 1858, Robbins, Powell & Sheppard recovered a judgment in the Circuit Court of LaSalle county, against one Charles G. Miller.  In October, 1858, Lyon & Sherry recovered a judgment against Miller in the United States Circuit Court for the Northern District of Illinois.  Prior to either of these judgments, Miller had made a fraudulent conveyance of the premises in controversy to one Williams. Lyon & Sherry, failing to obtain payment, filed a bill in chancery in the Circuit Court of LaSalle county, for the purpose of setting aside this conveyance, and subjecting the land to the payment of their judgment.  They obtained a decree to that effect, and the land was sold by the master, and conveyed to Sherry.  At this stage of the proceedings, and after the sale and conveyance by the master, Robbins, Powell &

Shephard filed a bill in chancery in the Circuit Court of La Salle county, against Miller, Williams and the firm of Lyon & Sherry, for the purpose of divesting the title of the latter, and subjecting the land to the payment of their judgment, on the ground that it was the elder lien. Lyon & Sherry, being non-residents, were brought in by publication, and a decree was taken against them by default, in accordance with the prayer of the bill, at the November term, 1861. At the June term, 1867, Lyon & Sherry filed their bill of review for errors apparent on the face of the record, averring in their bill that they never had any actual notice of the pendency of the suit brought against them by Robbins, Powell & Shephard, and they had learned of the decree only shortly before the filing of their bill. They also aver in their bill the constant possession of the property by them, and the payment of over $1,500 in repairs, taxes and the discharge of liens. The Circuit Court sustained a demurrer to the bill *pro forma.*

It is first insisted, by the counsel of defendant in error, that this bill of review having been filed more than five years after the rendition of the decree sought to be reviewed, comes too late. It is undoubtedly true that courts of chancery will ordinarily apply the same limitation of time to bills of review that the statute applies to writs of error. But the question in this case is, when the five years began to run, and it is a question upon which we have not found it easy to arrive at a satisfactory conclusion. The decision, however, which we have finally reached, and which we believe best adapted to promote the ends of justice, is that the five years should be computed in cases of this character, only from the time when the decree became final under the statute, that is to say, from the expiration of three years after its rendition. Where a defendant has been brought into court only by constructive service, and has received no notice in writing of the existence of a decree against him, as authorized by the statute, such decree is, for the period of three years, simply provisional,

and subject to be set aside on petition, and as of course. In form, it is a final decree, but it does not become so in fact, and does not conclude the parties until the lapse of three years. From the time it thus becomes final, the defendant, having received no actual notice, has five years within which to prosecute his writ of error or file his bill of review. During the three years, the parties are still in court, and at the end of that period, the statute provides the court may make such further order in the premises as may be just. We are the more inclined to the view we have taken, because this statutee by which parties are brought into court upon constructive notice, though undoubtedly necessary for the administration of justice, may be made the means of perpetrating very great wrongs.

That there was error in the decree now brought under review is clear. The deed of Miller to Williams was not void, but only voidable. It vested the title in the grantee subject to be divested by the action of creditors. It was valid as against Miller, and a conveyance by Williams to an innocent purchaser for a valuable consideration, would have been valid as against all persons. There was then, at the time these judgments were rendered, no estate in Miller to which their liens attached in the order of their rendition, and although the judgment of plaintiffs in error was junior in date to that of the defendants, yet the former having set aside the title of Williams, subjected the premises to sale, and obtained a master's deed before the defendants made any movement in this direction, it would now be very inequitable to permit the defendants to come forward and sweep away the fruits of their superior diligence. This same question has been decided in regard to this same property, in a suit between these plaintiffs in error and certain judgment creditors of Miller, whose judgment was even prior in date to that of defendants. *Miller* v. *Sherry*, 2 Wallace, 238 ; see, also, *Corning* v. *White*, 2 Paige, 567; *Hayden* v. *Bucklin*, 9 Paige, 512; *Edmeston*

v. *Lyde*, 1 ib. 637; *Gordon* v. *Lowell*, 21 Maine, 251; *Smith* v. *Lind*, 29 Ill. 24.

The decree is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*