## Henrietta H. Humphreys v. Percival Steele.

1. MORTGAGES—*Decree of Foreclosure upon Constructive Service Not Final Until Expiration of Three Years.*—A decree had upon constructive service is, as to a defendant over whom the court has jurisdiction by constructive service only, not final until the expiration of three years from the entry thereof, under section 19 of the chancery act.

Bill to Foreclose a Mortgage.—Error to the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Dismissed. Opinion filed May 19, 1903.

WILLIAM S. HEFFERAN, attorney for plaintiff in error.

STEELE & HOLMES, attorneys for defendant in error; STILLMAN & MARTYN, of counsel.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

In the Superior Court a bill was filed by defendant in error to foreclose a mortgage. Service by publication only was had upon plaintiff in error and other defendants. In due course of time, no appearance having been entered by plaintiff in error and other defendants, a decree *pro confesso* was entered as to her and other defendants. Thereafter, under such decree, a sale of the mortgaged property was had and no redemption having been made, fifteen months thereafter, a deed therefor was issued to the defendant in error. Within three years from the entry of such decree, plaintiff in error and other defendants to said bill who had been only constructively served, appeared in the Superior Court in said cause and asked leave to answer the bill therein. Leave was then given, and an answer filed by plaintiff in error and others denying the equities set up in

the bill. So far as appears said cause, upon the bill and answers therein filed, is yet pending in the Superior Court. After the filing of said answers, plaintiff in error brought the record of said cause to this court and a *scire facias* was issued to the defendant in error. Upon this proceeding in error the plaintiff asked that the decree of the Superior Court be set aside, because, as she alleges, the constructive service had upon her was not in accordance with the statute, in that, as she insists, no such affidavit as the statute requires was filed nor was the publication made by the clerk in accordance with the statute. Defendant moves to dismiss the writ of error.

Section 19 of the chancery act provides that defendants brought in by constructive service only, and who have not appeared, may, within three years after the entry of the decree, appear, answer and have the cause re-instated, and that thereupon proceeding shall be had as if the defendant had appeared in due season and no decree had been made; " and if it shall appear upon the hearing that such decree ought not to have been made against such defendant, the same may be set aside, altered or amended as shall appear just; otherwise the same shall be ordered to stand confirmed against said defendant.",

A decree had upon constructive service is, as to a defendant over whom the court has jurisdiction by constructive service only, not final until the expiration of three years from the entry thereof. Sale v. Fike, 54 Ill. 292; Martin v. Gilmore, 72 Ill. 193.

As the decree of the Superior Court has, as regards the plaintiff in error, been in effect set aside, for this court to go on and determine whether the constructive service upon plaintiff in error was sufficient to give the court jurisdiction to proceed as it did, would be to hold a mere moot court. The plaintiff in error has now appeared in the court below and filed her answer to the bill. She is entitled to a hearing upon the matters at issue in the Superior Court.

Whether the constructive service had upon her is good or not is at the present time immaterial.

The writ of error is dismissed.