## Jenkins & Reynolds Company, et al., v. Anna R. Wells.

### Gen. No. 12,092.

1. CHANCERY CODE—*section 17 construed.* The right to avail of this section and to file an answer after the appearance term, is restricted to those defendants who have been served, summoned or notified, as provided in section 16 of the same act.

2. FINAL ORDER—*what not.* An order entered in a cause after decree granting leave to plead to the bill, is not final and appealable.

3. APPEALS—*from what may be taken.* Appeals in chancery cases can only be taken from final orders or decrees, except where they pertain to the granting of injunctions and the appointing of receivers.

4. DECREE—*what not equivalent to setting aside.* The granting of leave to plead to a bill after decree entered thereon, is not equivalent to the setting aside of the decree; the correct practice is to allow the decree to stand, as was done in this case, pending the determination of the issue to be made pursuant to the giving of leave to plead.

Mechanic's lien proceeding. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH. Judge, presiding. Heard in this court at the October term, 1904. Appeal dismissed. Opinion filed November 2, 1905.

EDWARD C. CRAWFORD and WILLIAM A. DOYLE, for appellants.

HOLDEN & BUZZELL, for appellee; WILLIAM H. HOLDEN, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

September 9, 1896, William W. Schulz and others filed a bill for a mechanic's lien. The Jenkins & Reynolds Company became a defendant to the bill and filed an answer and an intervening petition, making the other appellants defendants to the intervening petition. In the bill persons by the description of "unknown owners" are made parties defendant, and an affidavit for publication as to unknown owners was made, in accordance with the statute, and publication was made accordingly. Such proceedings were had that, April 27, 1904, the court rendered a decree that the appellants, respectively, were entitled to mechanic's liens, etc., and for sale of the premises described in the bill. July 8, 1904, appellee filed a petition in the cause, which, after stating concisely the prior proceedings, continues as follows:

"Your petitioner further states that at the time of commencing said suit and thereafter, and at the time of the entry of the decree above mentioned, there were and still are a large number of mortgage interests outstanding of record and unsatisfied, at least two of such mortgage interests belonging to your petitioner, that none of said mortgage interests were made defendants by name in the above cause either by the original bill or intervening petitions nor were they personally served in said cause nor did they have any notice thereof, and that an attempt was made to make all such defendants as 'Unknown Owners.' That the lien of your petitioner antedates in time of record all of the alleged contracts in which the aforesaid decree was based and is in fact a lien superior to said decree.

"And your petitioner further states unto this court, that she has not been summoned, or served with a copy of the bill or any of the intervening petitions filed in said cause, or received any notice of the pendency of said suit or any notice required to be sent to her by mail by the clerk of said court, and has received no notice in writing of the entry of said decree. Nor has she been in any way brought into this court so that her rights in the premises have been or can be determined.

"Your petitioner therefore comes and asks leave to enter her appearance herein and be heard touching the matters

of said decree, upon such reasonable terms as the court may impose in pursuance of the statute in such case made and provided.

"And your petitioner asks time to plead, answer or demur to said bill or intervening petitions, as she may be advised, and that she may be heard upon the issues in said cause, and that upon the hearing the said decree may be set aside, modified, altered or amended as to this court may seem just and proper; and that the court will grant such other relief in the premises as equity may require."

The court, July 8, 1904, granted the prayer of the petition, on payment by appellee of solicitors' fees to the solicitors representing the intervening petitioners, and ordered that appellee plead, answer or demur within twenty days from date of order. From this order the appellants appealed.

The argument of appellants' counsel is based on the hypothesis that appellee's application to be made a party to the suit, etc., was made under section 17 of the Chancery Act. Sections 16 and 17 of that act are as follows:

"Sec. 16. Every defendant who shall be summoned, served with a copy of the bill or petition, or notified as required in this act, shall be held to except, demur, plead or answer on the return day of the summons; or if the summons is not served ten days before the first day of the term at which it is returnable, by the first day of the next term; or in case of service by copy of the bill, or by notice, at the expiration of the time required to be given, or within such further time as may be granted by the court; or, in default thereof, the bill may be taken as confessed."

"Sec. 17. If the defendant shall appear at the next term and offer to file his answer to the bill, the court may permit him to do so, upon his showing sufficient cause, and paying the costs of the preceding terms. In such case the decree shall be vacated and the cause may be proceeded in as in other cases."

Section 17 applies only to defendants not notified in some of the ways mentioned in section 16. But appellee was not such defendant, because she avers in her petition that she was not summoned, or served with a copy of the bill, and did not receive a notice of the pendency of the

suit, or any notice required to be sent to her by the clerk of the court, or any written notice. Manifestly, then, the petition could not have been filed under section 17, but only under section 19 of the Chancery Act, which is as follows:

" When any final decree shall be entered against any defendant who shall not have been summoned or been served with a copy of the bill, or received the notice required to be sent him by mail, and such person, his heirs, devisees, executor, administrator or other legal representatives, as the case may require, shall, within one year after notice in writing given him of such decree, or within three years after such decree, if no such notice shall have been given as aforesaid, appear in open court and petition to be heard touching the matter of such decree, and shall pay such costs as the court shall deem reasonable in that behalf, the person so petitioning may appear and answer the complainant's bill, and thereupon such proceedings shall be had as if the defendants had appeared in due season and no decree had been made. And if it shall appear, upon the hearing, that such decree ought not to have been made against such defendant, the same may be set aside, altered or amended as shall appear just; otherwise the same shall be ordered to stand confirmed against said defendant. The decree shall, after three years from the making thereof, if not set aside in manner aforesaid, be deemed and adjudged confirmed against such defendant and all persons claiming under him by virtue of any act done subsequent to the commencement of such suit; and at the end of said three years, the court may make such further order in the premises as shall be required to carry the same into effect."

Appeals are statutory and do not lie except within the statute, and, by the statute, appeals can only be taken from judgments or decrees which are final (Hurd's Rev. Stat. 1903, chap. 37, sec. 28; chap. 110, sec. 67) except in certain cases in chancery specified in "An act to provide for appeals from interlocutory orders granting injunctions or appointing receivers." Hurd's Rev. Stat. 1903, p. 231. This appeal is not within that act. Counsel for appellee object that the order appealed from is interlocutory. We think it very clear that the order is not final, but merely interlocutory, and such that the Superior Court might set

it aside pending the suit, at any time after the expiration of the term at which it was entered. Even the original decree in the cause is not final as against a defendant brought into court by constructive notice only, and without appearance of such defendant, and would not become final against such defendant until the expiration of three years from its rendition. Lyon et al. v. Robbins, 46 Ill. 276; Southern Bank of St. Louis v. Humphreys, 47 ib. 227; Sale v. Fike, 54 ib. 292; Humphreys v. Steele, 108 Ill. App. 111.

In Lyon et al. v. Robbins, *supra*, the court say: "Where a defendant has been brought into court only by constructive service, and has received no notice in writing of the existence of a decree against him, as authorized by the statute, such decree is, for the period of three years, simply provisional, and subject to be set aside on petition, and as of course. In form, it is a final decree, but it does not become so in fact, and does not conclude the parties until the lapse of three years."

Counsel for the appellants err in contending that the permitting appellee to appear and defend operates as a setting aside of the decree. In S'n Bank of St. Louis v. Humphreys, *supra*, the court say : "It is, no doubt, true that it was irregular for the court to set aside and vacate the decree upon the petition to be let in to answer and defend. The correct practice is, to let the decree stand until the final hearing, and if it then appear that the defense has been made out, the court should render a decree setting aside the former decree and dismissing the bill. But if, on the contrary, it should then appear that the complainant is entitled to the relief sought and formerly decreed, then the final decree should confirm the decree formerly rendered. Or, if entitled to part only, modify the previous decree by confirming the portion affording proper relief, and vacating and annulling so much as might appear to be improper."

The burden of the argument of counsel for appellants is that the order is erroneous, but the order being merely interlocutory, and, therefore, not appealable, any expression

of opinion by us as to its validity would be mere *obiter dictum.*

The appeal will be dismissed.

*Appeal dismissed.*