JOHN H. B. WILLOUGHBY, for use, etc.

*v.*

JOHN S. DEWEY.

1. EXECUTION — *continues in force after levy until sale.* An officer, making a levy before the return day, may make sale afterwards. The completion of the service has relation to the time when it commenced.

2. OFFICER—*his duty.* It is the duty of the officer, when once he has made the levy, no matter what becomes of the execution, to go on with the sale and bring the money into court.

3. Even though he improperly return the writ, no *alias* execution or writ of *venditioni exponas* is necessary.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This is an appeal from the May term of the Madison circuit court, 1871, brought, by consent, to the Central Grand Division of this court. It appears that Risser and Rawson recovered

two judgments against Jarvis, before Andrew Mills, a police magistrate, on which executions were issued December 26, 1868, and placed in the hands of Willoughby, a constable. On the 4th of March succeeding, and before the return day, he levied upon 12 acres of standing wheat. Under the impression that his authority under those executions would expire on their return day, he, on the 6th day of March, took out *alias* executions, to enable him to make the sale. On March 15, he sold the property, returning the executions satisfied by sale of the wheat to J. S. Dewey, the appellee herein, for $60. Dewey refused to pay the amount of his bid, and the constable brought suit in the circuit court. Dewey defended on the ground that he also having a judgment of $60 against Jarvis, caused the constable holding the execution issued thereon to bid that amount for the wheat. He proved that his judgment was older than those on which the wheat was sold, though his execution was junior to them, as also to the original executions on them, and that he intended the bid to be for his benefit, on his own execution, instead of paying money to be applied on the others. He accordingly refused to take the wheat or pay for it. Objections to testimony and exceptions taken on both sides; but the only point considered is, whether the original executions in the hands of Willoughby lost their force so as to let in that in the hands of Cassell in preference to the lien of the *alias* executions.

Mr. A. W. METCALF, for the appellant.

Mr. DAVID GILLESPIE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

It was error to exclude from the jury the executions and the plaintiff's testimony.

The executions were issued on the 26th day of December, 1868. They were levied by the constable on the 12 acres of

wheat in question, on the 4th day of March, 1869, which was before their return day.

There not being time in which to give 10 days notice, in order to sell in the lifetime of the executions, the constable, under the mistaken idea that he had no authority to go on and complete the sale after the return day of the executions, returned them to the justice, and applied for *alias* executions, in order to sell the property, and the justice issued two *alias* executions in the ordinary form, reciting that they were issued to enable the constable to sell the property levied upon. The constable made return on the *alias* executions that he levied them on the property and sold it on the 15th day of March, 1869, to the defendant.

After the time when an execution is to be returned, it can not be executed by taking the property of the debtor. But if the officer has begun to execute the execution by a levy, at any time before it is returnable, he may complete the service after it is returnable, and this, whether he retains the writ or has returned it—and, in the latter event, no *alias* execution or writ of *venditioni exponas* is necessary. The latter confers upon the officer no new authority; it only compels him to do that which it was his duty to do. It is the duty of the officer, when once he has made the levy, no matter what becomes of the execution, to go on with the sale, and bring the money into court. *Phillips et al.* v. *Dana,* 3 Scam. 551; *Prescott* v. *Wright,* 6 Mass. 20.

The *alias* executions, then, were without any legal effect. The original executions having been levied in their lifetime, there was power to sell under them. The execution of the writ is an entire thing. The completion of the service shall have relation to the time when it commenced.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*