# WILLIAM P. CORBIN

## *v.*

# JAMES W. PEARCE.

1. EXECUTION—*variance between execution and judgment on which it is issued.* A variance between an execution and judgment may be so marked as to raise the inference that the judgment mentioned in the writ is not the judgment upon which the writ issued, but such inference may be rebutted by proof; and if it appears that, in fact, the judgment in question is the one upon which the writ was issued, the variance, though an irregularity, does not render the writ void.

2. SAME—*levy on personal property vests title in the officer.* The taking of goods subject to execution, by a sheriff or constable, by operation of law vests the title in the officer making the levy, for the purpose of realizing funds to apply on the judgment, and the title thus vested remains until divested by subsequent proceedings.

3. After the return day of an execution it has no vitality, whether returned by the officer or retained in his possession, but the title to goods seized under it during its life, remains in the officer seizing them, and he may sell them by virtue of his title acquired by the levy.

4. SAME—*amending execution.* Where an execution is amended after a levy and seizure of goods under it, even if such amendment has the effect to destroy the writ, the title of the officer seizing the goods remains unimpaired.

APPEAL from the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. MEEKER & HAMLIN, for the appellant.

Messrs. STEELE & HUGHES, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action of replevin, brought by appellant, before a justice of the peace, against appellee, for a portion of a stock of goods, and carried to the circuit court by appeal, and there tried by the court without a jury, by consent of parties.

On the trial in the circuit court, the parties submitted the case upon a written statement of facts, signed by them, and no other proof was offered.

The court found for the defendant. The plaintiff moved for a new trial, which was overruled, and plaintiff excepted. Judgment for costs and for a return of the property was entered, and plaintiff appeals to this court.

The only question in the case is: Did the circuit court err in refusing a new trial?

The facts stated in the submission are as follows: On July 16, 1875, McAuley, Yoe & Co. recovered judgment before a justice of the peace against one Cox, for $154.50. On July 19, 1875, an execution issued on said judgment for $104.50, and was, on the same day, delivered to Pearce (the appellee in

this court), a constable. On August 23, 1875, Cox assigned all his personal property, consisting of a large stock of clothing, etc., to Corbin (the appellant in this court), for the benefit of the creditors of Cox, and on the same day Corbin took possession of the stock of goods under the assignment. On August 26, 1875, Pearce levied upon a portion of the goods so assigned to Corbin, and, on the same day, Corbin brought this action of replevin, and took the goods so levied upon by Pearce. The day of trial before the justice of the peace, in this action of replevin, was set for September 1, 1875. On that day, "Pearce took the execution to the justice who issued it, and the said justice changed said execution from $104.50 to $154.50."

It is insisted that the execution was originally void, on account of the variance between the amount of the judgment and the amount of the execution, and that, if originally valid, the execution was rendered void on the 1st of September by the change made in the same by the justice who issued it.

An execution not based upon a valid judgment, is, undoubtedly, void.

A variance between a judgment and an execution might be so marked that, in the absence of other proof, it would properly be inferred that the judgment in question was not *the* judgment mentioned in the writ, but such inference may be rebutted by proof, (*Newman* v. *Willitts*, 60 Ill. 520,) and if it appears that, in fact, the judgment in question was *the* judgment upon which the writ was issued, in such case the variance, though an irregularity, does not render the writ void.

In this case, by the written statement of facts, it is conceded that the execution in question was "issued on said judgment." That being conceded, the execution was valid and the levy was valid.

The taking of goods subject to the execution by a sheriff, or constable, by operation of law vests the *title* of the property in the officer making the levy, for the purpose of realizing funds to apply on the judgment. The title to the property thus vested remains, until he is divested of the title by subsequent proceedings.

An execution has no legal effect, as such, after its return day. After the return day, the writ, whether returned by the officer or held in his hands, has no vitality whatever. This, however, does not divest the officer of his title to goods properly seized by virtue of the execution, within its life. The officer remains the owner of the property, and may advertise and sell the property by virtue of his title acquired by the levy.

No act done to the writ subsequent to the levy, (although such act might utterly destroy the writ,) can in any way invalidate the right of the officer acquired by his valid levy. Whether the justice of the peace acted lawfully or unlawfully in changing the execution, such act did not divest the officer of his title to the property.

It does not appear, from the written statement, whether the parties in interest were present or had notice of the proceeding when the justice who issued the writ determined to amend it. If done *ex parte*, it could have no legal effect against parties not there.

It would seem that, if the assignee accepted the assignment without notice of all the facts relating to the judgment and execution, the lien of the execution upon these goods could not be (by such amendment, however regular,) enlarged from $104.50 to $154.50. The amendment could not have a retroactive effect in such case. This question does not arise in this case. The officer had lawful right to the possession of the goods levied upon, and was entitled to the judgment in his favor as rendered by the circuit court. Should the goods, on sale, bring more than $104.50 and costs, the question may then, and not till then, arise whether the assignee be not entitled to the surplus.

The judgment is affirmed.

*Judgment affirmed.*