## WILLIAM P. LAUNTZ

V.

## LOUIS GROSS ET AL.

</div>

1. LIEN OF EXECUTION.—The lien of an execution except as to property levied upon, ceases with the return day of the writ. After that time, when no seizure has been made, the writ, whether returned by the officer or held in his hands, is *functus officio* and has no vitality whatever.

2. UNLEVIED EXECUTION—INJUNCTION.—Where an execution is issued, but before levy an injunction is obtained restraining the collection of the execution, and the injunction is not dissolved until after the return day of the writ, such writ is *functus officio*.

3. CONSTRUCTION OF STATUTE.—As section 8 of chapter 77, which provides that executions shall be made returnable in ninety days after the date thereof, is not mentioned or designated in section 2 of chapter 77, the rule that the expression of one thing is the exclusion of another applies. Section 8 of the Injunction Act is to be regarded as *in pari materia* with the provisions of chapter 77.

ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 6, 1885.

Mr. JAMES M. HAY and Mr. M. MILLARD, for plaintiff in error; that the writ was *functus officio*, cited Hargrave v. Penrod, Beecher's Breese, 401; Bowen v. Parkhurst, 24 Ill. 257; Corbin v. Pearce, 81 Ill. 461; Berry v. Lovi, 107 Ill. 612.

Mr. W. H. BENNETT and Mr. J. M. FREELS, for defendants in error; cited Gibbes v. Mitchell, 2 Bay, 123; Duckett v. Dalrymple, 1 Rich. L. 142; Wood v. Dwight, 7 Johns. Ch. 296; Young v. Davis, 1 Monroe, 152; Knox v. Randall, 24 Minn. 497; Lamorere v. Succession of Cox, 32 La. Ann. 249; State v. Second District Court, 20 La. Ann. 521; Overton v. Perkins, Martin & Yerger, 373; Herrington v. Herrington, 11 Bradwell, 126.

BAKER, J. It is only necessary to decide one question involved in this controversy. The personal property in regard to which the litigation arose was sold on an execution issued October 10, 1882, and levied April 26, 1883. Section eight of chapter 77 of the Revised Statutes provides that executions shall be made returnable ninety days after the date thereof. The rule is that the lien of an execution, except as to property levied upon, ceases with the return day of the writ. After that time, when no seizure has been made, the writ, whether returned by the officer or held in his hands, is *functus officio* and has no vitality whatever. Corbin v. Pearce, 81 Ill. 461.

But it is suggested, that in this instance the defendant in execution wrongfully obtained an injunction, which restrained the collection of the execution from the 5th of December, 1882, to the 14th of April, 1883, when it was dissolved; and it is claimed that at common law the officer has the full lifetime of the execution in which to execute it, and that when he is prevented by a writ of injunction, the time he is so enjoined forms no part of the time allowed by law for the execu-

tion and return of the writ. It is undoubtedly true that the general rule is, that the dissolution of an injunction against the enforcement of an execution restores the execution creditor to the position he occupied before the granting of the writ. This rule was, under the old practice, frequently applied in determining the time within which a *fieri facias* might be returned for renewal, without the necessity of issuing a *scire facias*. It may be doubted whether the principle has any application, as respects the matters of lien and leviable capacity, in cases where no levy is made prior to the injunction, and the time limited by law as the lifetime of the execution has expired pending the stay. With the exception of Lynn v. Gridley, Walker's Rep. 550 (which we have been unable to procure) we have examined all the cases cited by defendants in error on this point, and none of them seem to go far enough for the purposes of this case. In Gibbes v. Mitchell, 2 Bay, 120, Overton v. Perkins, Martin & Yerger, 36, Lamorere v. Succession of Cox, 32 La. Ann. 249, and in Knox v. Randall, 24 Minn. 497, the lien of the execution had been fixed by levy on particular property before the injunction issued. And in such case it is undoubtedly the duty of the officer, as soon as the fetters are removed, to advertise and sell, and make the money. In Duckett v. Dalrymple, 1 Rich. (Law) 143, the officer held two writs, and the elder was enjoined, and the property was levied on and sold under the junior writ, but prior to the sale the injunction was dissolved, and it was held the senior execution was entitled to be first paid out of the proceeds of the sale. It does not appear from the statement of the case, whether or not the senior execution had been levied prior to the injunction, or whether or not the dissolution and sale were before the return day of that writ.

Suits in equity frequently continue many years undetermined; and it would be a rule of doubtful propriety to allow an execution, upon which no property has been seized, to be a sort of floating and uncertain lien upon all the goods and chattels of a defendant, for an indefinite space of time; it would be ruinous to the execution debtor, and hazardous to innocent purchasers relying on his apparent ownership; it

would hinder and delay other creditors from making their debts, and would hamper and tie up personal property, and greatly interfere with lawful and meritorious commerce and trade.

We are of opinion, however, that this whole matter is settled, in this State, by the provisions of the act of March 22, 1872 (R. S. Chap. 77). The act is entitled "An act in regard to judgments and decrees, and the manner of enforcing the same by execution, and to provide for the redemption of real estate sold under execution or decree." This statute covers the whole subject-matter indicated by its title, and was intended as a substitute for the then existing law. Section two of the act provides that " when the party in whose favor a judgment is rendered is restrained, by injunction, out of chancery, or by appeal, or by the order of a judge or court, or is delayed on account of the death of the defendant, either from issuing execution or selling thereon, the time he is so restrained or delayed shall not be considered as any part of the time mentioned in sections one or six of this act." Section one is in respect to the lien of judgments on real estate, and section six provides that no execution shall issue upon any judgment after the expiration of seven years from the time the same becomes a lien. But section eight, which provides that executions shall be made returnable ninety. days after the date thereof, is not mentioned or designated in said section two. The rule that the expression of one thing is the exclusion of another, applies. The eighth section of the Injunction Act (R. S., Chap. 69) is to be regarded as *in pari materia* with the provisions of chapter 77, and it provides, in express terms, that before an injunction shall issue to enjoin a judgment the complainant shall give bond to the plaintiff therein, in double the amount of such judgment, with sufficient surety, approved by the court, judge or master, conditioned for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved. This statute is mandatory, and it affords ample security to the judgment creditor for his debt, and as complete a remedy for

McWilliams v. Richland.

the injury occasioned by the wrongful procurement of an injunction as the nature of the case will well admit of, and, at the same time, not be productive of complications and evils of great magnitude, by the establishment of any such rule as that the lien and vitality of an unlevied *fi. fa.* would continue for the long and wholly uncertain time that a chancery suit might be pending, upon all the goods and chattels of the debtor, however numerous and valuable they might be.

In our view, it was error to admit in evidence, over the objections of the plaintiff, the execution and indorsement showing a levy on goods and chattels made over six months after the date of the execution, as the writ was *functus officio* when levied. It was also error, under the admitted facts of the case, to instruct the jury that if they believed from the evidence that the property in question was taken by the sheriff under execution against the plaintiff, and sold to satisfy it, then there was no trespass.

For the errors indicated the judgment is reversed and the cause remanded.

Reversed and remanded.