## T. F. Weaver v. Third National Bank of Bloomington.

1. JUDGMENTS—*Liens and Priorities.*—The lien of judgments rendered at the same term of court is, under Sec. 1, Ch. 77, R. S., entitled, " Judgments and Executions," concurrent, but at common law, where judgments are equal, the judgment creditor who first has execution issued and levied is entitled to a priority in the proceeds of the sale of the property levied upon, as a reward for his diligence.

2. SAME—*Common Law Priorities Abridged.*—Under Sec. 13, Ch. 77, R. S., entitled, " Judgments and Executions," the power to secure a priority is abridged, so that where property is sold under an execution issued upon one of several judgments rendered against the same parties at the same term of court, it is sold for the benefit of all executions issued upon such judgments and delivered to the sheriff before the sale, and the proceeds are to be divided *pro rata* according to the several amounts.

3. JUDGMENT CREDITORS—*Equality Under the Statute.*—In order to secure equality under the statute, it is incumbent upon judgment creditors to lodge in the hands of the sheriff, executions upon their judgments, before sales are made under other executions issued in favor of other creditors upon judgments recovered at the same term of the court.

4. EXECUTIONS—*After the Return Day.*—An execution has no vitality after its return day, though not in fact returned.

Memorandum.—In equity. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1894. Reversed and remanded. Opinion filed February 11, 1895.

## Statement of the Case.

On the 18th day of March, 1893, being one of the judicial days of the February term, 1893, of the McLean Circuit Court, appellant obtained a judgment for $2,575.60 against T. D., A. W. and H. H. Peasley, partners as Peasley & Co., upon which an execution was on that day issued and placed in the hands of the sheriff. Afterward, on the same day, he obtained another judgment against the same parties and Hannah Peasley, for $1,549.40, and execution was also issued upon it and delivered to the sheriff. Afterward, in same court and at the same term, but two days later, on March 20th, the Third National Bank of Bloomington, Ill., the appellee, obtained a judgment for $3,280.62 against the same parties and also against Hannah Peasley, and an execution upon it was on that day issued and placed in the hands of the sheriff. All these executions were levied on the personal property of the firm of Peasley & Co., but were not levied on any land of the firm, of the individuals, or of Hannah Peasley.

On March 23, 1893, Peasley & Co., who had been engaged in manufacturing machinery in Bloomington, Ill., filed a bill for the appointment of a receiver, making the appellee and the appellant defendants, and by agreement an order was made appointing a receiver to take charge of, sell, and dispose of the property of the firm of Peasley & Co. The goods levied on by the sheriff were turned over to the receiver and the rights of the execution creditors thereon preserved by agreement of the parties and the order of the court.

There was no receiver appointed for the property of the individual members of the firm. On August 30, 1893, all of the property of the firm had been sold, and enough to pay appellant's first judgment had not been realized. The execution on appellant's second judgment was then returned and a new one issued on the first day of September, 1893, by virtue whereof the sheriff levied on the real estate of the individual members of the firm and of Hannah Peasley, the proceeds of which are in controversy in this suit. The sheriff, after duly advertising, sold the land on November 28, 1893,

appellant becoming the purchaser for the amount of his judgment, interest and costs, $1,653.52, and a certificate of purchase was issued to him. At the time of the sale there was no other execution in the sheriff's hands except the one dated March 18, 1893, issued on the first judgment rendered in favor of appellant, and one dated March 20, 1893, which was issued upon the judgment in favor of appellee.

The appellee filed a petition in the case in which the receiver was appointed, claiming a priority over appellant's judgment on all the property of the firm and of the individuals. A demurrer was sustained to the petition, except in so far as it related to the adjustment of priorities on the property of the individuals. Exceptions to this ruling were not taken and preserved, nor has the appellant filed cross-errors in this court so that no question as to the correctness of the action of the court in this respect is presented here. Appellant was ruled to answer the petition so far as the demurrer did not apply, which he did by setting up the facts as herein above set out, and claiming that by the sale under his execution on November 28, 1893, he had gained a priority over the bank.

A stipulation of facts was then entered into and the cause submitted to the court thereon. The court held that all three of the judgments were equal liens on the land sold and should share *pro rata* in the proceeds, and ordered appellant to pay the sheriff $690 as the *pro rata* share of the appellee in twenty days, and setting the sale aside in case of default. From this decree Weaver appealed to this court.

APPELLANT'S BRIEF, EDWARD BARRY, ATTORNEY.

The doctrine regarding individual and partnership debts, and payment of same out of individual and partnership funds respectively, only relates to the rights of creditors after dissolution, and to property undisposed of and to which prior liens have not attached. After a creditor of a firm obtains judgment, it can not be insisted that individual creditors shall be first paid out of the individual property. Reeves, S. & Co. v. Ayres, 38 Ill. 418; Hapgood v. Cornwell, 48 Ill. 64; McIntyre v. Gates, 104 Ill. 502; Doggett v. Dill,

108 Ill. 569; Preston v. Colby, 117 Ill. 483; Am. & Eng.
Enc., Vol. 17, p. 1210.

The judgments having been rendered at the same term of
court, the liens were equal and no priority. At common
law, or perhaps more properly Statute of Westminster 2,
when the liens of judgments were equal, he who first had
execution issued and levied, obtained a priority. Every
court which has been called to pass upon the question has
so held. Smith v. Lind, 29 Ill. 24; Elston v. Castor, 101
Ind. 436; Rockhill v. Hanner, 15 How. (U. S.) 189; Lowry
v. Reed, 89 Ind. 442; Michaels v. Boyd, 1 Carter (Ind.) 259;
Adams v. Dyer, 8 Johns. (N. Y.) 347; Waterman v. Haskin,
11 Johns. (N. Y.) 228; Johnson v. Wilson, 40 Iowa 425;
Bliss v. Watkins, 16 Ala. 229; Shirley v. Brown, 80 Mo. 224.

The lien of an execution, except as to property levied on,
ceases with the return day of the writ. After that time,
when no levy has been made, the writ, whether returned by
the officer or held in his hands, is *functus officio* and has no
validity whatever. Lountz v. Gross, 16 Ill. App. 329; Cor-
bin v. Pearce, 81 Ill. 461; Bowen v. Parkhurst, 24 Ill. 258;
Faull v. Cooke, 19 Ore. 455; Freeman on Executions, Secs.
202–3.

APPELLEE'S BRIEF, FIFER & PHILLIPS, ATTORNEYS.

The rule is that joint debts are entitled to priority of pay-
ment out of the joint estate, and separate debts out of the
separate estate. This rule is founded, not upon the equities
of the creditors, but upon the equities of the partners.
Each partner has the equitable right to have partnership
debts paid out of the partnership estate, in the first instance,
so that his individual property may be retained. In like
manner, the members of the firm have each an equitable
right to have the individual property of each partner first
exhausted, in payment of the individual debt, in order to
exempt the joint estate, as far as possible, from seizure for
individual debts. Hanford v. Prouty, 133 Ill. 339; Story
on Part., Sec. 376; Story's Eq. Jur., Sec. 675; Snell's Eq.,
419; Parsons on Part., 480; 1 Bates on Part., Sec. 559;
Straus v. Kernwood, 21 Gratt. (Va.) 384, 591.

Firm creditors whose debts have not been reduced to judgment have no specific lien, either legal or equitable, upon property of either the firm or of the individual partners, and their rights to have the firm assets so marshaled as to satisfy their debts first, can only be worked out through the equities of the partners. Waterman v. Hunt, 2 R. I. 298; Shackelford v. Shackelford, 32 Gratt. (Va.) 481; Cookley v. Weil, 47 Ind. 277; Upson v. Arnold, 19 Ga. 190; Case v. Beauregard, 99 U. S. 119; Fitzpatrick v. Flannagan, 106 U. S. 648; Huiskamp v. Moline Wagon Co., 121 U. S. 311; Ex parte Williams, 11 Ves. 3; Ex parte Ruffui, 6 Ves. 119.

The law does not recognize the creditor of a firm as having a superior equity to that of the individual creditor for payment from the partnership assets. It recognizes, however, that the members of the partnership have a superior lien on the partnership property for the payment of the firm debts, and allows the creditors to avail themselves of this lien to the exclusion of individual creditors, when it has not been surrendered by the partners. Hapgood v. Cornwell, 48 Ill. 64; Singer v. Carpenter, 125 Ill. 117; Union Nat. Bank v. Bank of Commerce, 94 Ill. 271; McIntire v. Yates, 104 Ill. 491; Morrison v. Kurtz, 15 Ill. 193; Adams v. Sturges, 55 Ill. 472; Rainey v. Nance, 54 Ill. 29; Story on Part., Secs. 360–364; Story on Part., Secs. 322–326.

The equity of this rule, on the other hand, equally requires that partnership creditors can only look to the surplus, if there be any, of the separate estates of the partners, after payment of the separate debts. The individual creditors take the separate and private estate in preference to the partnership creditors. Hanford v. Prouty, 133 Ill. 339; Moline Water Works v. Webster, 26 Ill. 233; Pohlman v. Graves, 26 Ill. 405; Union Nat. Bank v. Bank of Commerce, 94 Ill. 271; Murrill v. Neill, 8 How. (U. S.) 414; Meyer v. Thornburgh, 15 Ind. 124; Walker v. Eyth, 25 Pa. St. 216; Greene v. Greene, 45 N. J. Eq. 738; Ridgeway v. Clare, 19 Beav. 111.

In this case the Third National Bank took judgment

against the partnership and also against the individuals, T. F., A. W., and H. H. Peasley, and Hannah Peasley, thus having a legal lien on the separate estate of the parties named, which can not be superseded by a partnership creditor. Wisham v. Lippincott, 1 Stockt. (N. J.) 353; Randolph v. Daly, 16 N. J. Eq. 313; National Bank v. Sprague, 20 N. J. Eq. 15; Howell v. Teel, 29 N. J. Eq. 490.

So when the Third National Bank, by virtue of its judgment and execution, acquired a lien upon the separate estate of the partners, it obtained a legal advantage of which it can not be deprived by other partnership creditors. It has the prior statutory lien, the legal validity of which can not be questioned. Straus v. Kerngood, 21 Gratt. (Va.) 584, 588.

And having thus acquired a legal right to satisfaction from the estate of the debtors, it is impossible to take that estate from it and appropriate it to another creditor, without a judicial repeal of the statute. Straus v. Kerngood, 21 Gratt. (Va.) 584, 590.

A legal lien obtained by a partnership creditor, whether upon partnership property or separate property of the partners, will be recognized and enforced, where such lien consists of a judgment and levy at law. Averill v. Loucks, 6 Barb. (N. Y.) 470; Bowker v. Smith, 48 N. H. 111; Kuhne v. Law, 14 Rich. (S. Car.) 18; McDermott v. Strong, 4 Johns. Ch. (N. Y.) 687; Hosack v. Rogers, 8 Paige (N. Y.) 229.

Or if it be a mechanic's lien. Rainey v. Nance, 54 Ill. 29, 35.

Or if it be attachment. Allen v. Well, 22 Pick. (Mass.) 450.

Or decree of equity. Terhune v. Colton, 1 Beas. (N. J.) 312; Woddrop v. Price, 3 Desauss. (S. Car.) 203; Foster v. Barnes, 81 Pa. St. 377.

At law, joint creditors may pursue the joint and separate estate to the extent of each, for the satisfaction of their joint demands which are at law considered both joint and several, without the possibility of the interposition of any restraining power of a court of equity. McCulloh v. Dashiell, 1 Har. & G. (Md.) 96, 105.

So the Third National Bank, by virtue of its judgment, may proceed to collect the amount due upon levy and sale, under the execution against the separate property of the individuals; and is at law not to be restrained from doing so on the ground that the debt is a partnership debt, and there is partnership property out of which it may collect the amount due. Wisham v. Lippincott, 2 Stockt. (N. J.) 353; Randolph v. Daly, 16 N. J. Eq. 313; National Bank v. Sprague, 20 N. J. Eq. 13; Howell v. Teel, 29 N. J. Eq. 490; Meech v. Allen, 17 N. Y. 300; Cleghorn v. Insurance Bank of Georgia, 9 Ga. 319; Kirby v. Schoonmaker, 3 Barb. Ch. (N. Y.) 46; Allen v. Wells, 22 Pick. (Mass.) 450; Straus v. Kerngood, 21 Gratt. (Va.) 584; Davis v. Howell, 33 N. J. Eq. 72; 34 N. J. Eq. 292.

Having a prior lien upon the property of the individual partners, its rights are paramount to all other creditors. Straus v. Kerngood, 21 Gratt. (Va.) 584, 588; Wisham v. Lippincott, 1 Stockt. (N. J. Eq.) 353; Randolph v. Daly, 16 N. J. Eq. 313; National Bank v. Sprague, 20 N. J. Eq. 15; Howell v. Teel, 29 N. J. Eq. 490; McColloh v. Dashiell, 1 Har. & G. (Md.) 96, 105.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The lien of judgments rendered at the same term of court is, under our statute, concurrent; neither has priority; Sec. 1, Chap. 77, R. S., Judgments, etc. At common law where judgments were equal the judgment creditor who first had execution issued and levied, as a reward for his diligence obtained a priority in the proceeds of the sale of the property levied upon. Smith v. Lend, 29 Ill. 24; Freeman on Executions, Sec. 203. The common law right to thus secure priority was to some extent abridged by the enactment of the 13th section of said chapter 77 of R. S., which is as follows:

"13. When the lien of several judgments is concurrent by reason of the same having been rendered at the same term of court or on the same day in vacation, and execution issued upon any one of such judgments is levied upon prop-

erty subject to such lien, the property so levied upon shall be sold for the benefit of all executions issued upon such judgments, and delivered to the same officer or any of his deputies before sale; and the proceeds of such rate shall be divided upon the several executions *pro rata*, according to their several amounts."

This section was enacted to enable the other judgment creditors or such of them as would comply with its provisions to secure equal priority with the creditor who by reason of his diligence was more favored than they by the existing rule of the common law. In order to secure this equality it is, however, incumbent upon them to comply with the requirements of the statute, that is, to lodge in the hands of the sheriff executions upon their judgments before sale was made under the executions issued by the more vigilant creditor. Otherwise the proceeds of the sale would be first applied to the discharge of the more favored judgment according to the course of the common law. The trial court held that the appellee complied with this statute and became entitled to share *pro rata* in the proceeds of the sale of the land. In this we think the court erred. The sale was made November 28, 1893. The sheriff then had in his hands only one valid execution, the one issued September 1, 1893, upon the judgment rendered in favor of the appellant. He still held possession of the execution that the appellee had caused to be issued on its judgment on the 20th day of March, 1893, but it was *functus officio*. "An execution," it was said in Corbin v. Pearce, 81 Ill. 461, "has no legal effect as such after its return day; the writ, whether returned by the officer or held in his hands, has no vitality whatever." The 13th section before quoted provided a way by which the appellee might have become entitled to share *pro rata* with the appellant in the proceeds of the sale of the land but it failed to avail itself of it. The appellant was entitled to the advantage awarded by the law to the diligent and it was error to deprive him of it. No other question is presented by the record. The order and judgment of the Circuit Court is reversed and the cause remanded for further proceeding in conformity with the views expressed herein.