## Nellie Wilson, Administratrix of Geo. Wilson, vs. James H. Gilbert, Sheriff.

1. PRACTICE—*Where Goods are Returned to the Sheriff Under a Retorno Habendo.*—Where goods held by the sheriff under a levy by virtue of an execution are taken from him by a writ of replevin and the issue in replevin found in his favor, and a *retorno* ordered and executed, if the time of the execution has expired, an alias execution is not necessary. The proper course is to sue out a *venditioni exponas* and sell the property so returned to him, or he may proceed with a sale of the property by virtue of the levy made under the original writ.

2. LEVY—*When an Abandonment Will Not be Inferred.*—An abandonment of a levy will not be inferred from the mere mistaken and irregular issuance of an alias execution.

3. SAME—*Allegations of an Abandonment Treated as Surplusage.*— A sheriff made a levy upon certain goods which were taken from him by a writ of replevin. In contesting the suit he filed a plea among other things stating the issue and levy of the execution, and that afterward the same was, on, etc., returned, etc., with an indorsement thereon that said goods and chattels so levied upon had been replevied, etc., and no part of said writ satisfied; that upon the hearing and trial of said replevin suit, the said goods and chattels were found to be the property of the defendant, whereupon a writ of *retorno habendo* issued and said goods and chattels returned and delivered to him. *It was held* that the statement of the return of the execution in the plea was not to be construed into an abandonment of the levy, but merely as surplusage.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

E. S. CUMMINGS, attorney for appellant.

It is contended that as the Brewing Co. did not proceed upon the original execution after the determination of the replevin suit of Notter v. Kemper, but abandoned the same, and sued out an alias execution, the defendant had no right to levy upon the property in question under the alias execution. Had the Brewing Co. desired to proceed upon the original execution, and to maintain the lien created by the original execution, it should have sued out a writ of *venditioni exponas* after the determination of the replevin suit. Hast-

ings v. Bryant, 115 Ill. 69; Bellingall v. Duncan, 3 Gilman 477; Freeman on Executions, Sections 57 and 59; Phillips v. Dana, 3 Scammon 551; Logsdon v. Spivey, 54 Ill. 104.

" Where a creditor causes an alias execution to be issued, before the property taken on the original writ is disposed of, he destroys the lien acquired by the original writ and waives it." Herman on Executions, 275.

" If a plaintiff sues out a second writ before the property taken under the first execution is disposed of, he destroys the first writ and waives the lien on the property taken under the first." Eckhols v. Graham, 1 Call (4 Va.) 428; Alley v. Carroll, 3 Sneed's Rep. (35 Tenn.) 110; Scott v. Hill, 2 Murphy (5 N. C.) 143.

LACKNER & BUTZ, attorneys for appellee.

It is contended that the issuance of the alias execution, the property at the time being in the hands of the sheriff, subject to the lien acquired by the levy of the first execution, was not an abandonment of the lien of that first execution; citing Smith v. Hughes, 24 Ill. 276; Freeman on Executions, Sec. 271; Corbin v. Pearce, 81 Ill. 463; West v. St. John, 63 Iowa 287; Menge v. Wiley, 100 Pa. St. 617; Bouton v. Lord, 100 Ohio St. 468.

The lien created by the alias execution issued on the 17th of June, 1892, related back to the execution issued on the 2d day of December, 1890.

Where property is held under a levy and is taken from the officer by replevin and the officer afterward gets possession again by levying another writ on the property, it amounts to a taking possession under the first writ, and the lien of the first writ, which had been temporarily suspended by the replevin action, is revived in all its original force. Cobbey on Replevin, Sec. 720; McIver v. Ballard, 96 Ind. 76; Richey v. Merritt, 108 Ind. 352.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Appellant's decedent, George Wilson, replevied from the appellee, then sheriff of Cook county, certain personal goods

and chattels incident to the carrying on of a saloon business, which appellee had levied upon in favor of the Peter Schoenhofen Brewing Company, about a year and a half before, as the property of one Bernard H. Kemper, but which had remained the subject of litigation in a certain other replevin suit against the appellee during that time, and which the said George Wilson claimed to have purchased, or acquired ownership of, pending this last mentioned replevin suit, and before said levy was disposed of, through a sale by a receiver in a cause, for the dissolving of partnership between the said Kemper and his partner, wherein the receiver was appointed.

The cause was heard by the court without a jury, and at the conclusion of the evidence offered by the appellant, the appellee offering no evidence, the court found the issues for the appellee (defendant), upon the evidence offered by the appellant and the pleadings, and gave judgment finding the defendant (appellee) *not guilty*, and awarding a writ of *retorno habendo* to the appellee for the property replevied, and from such judgment this appeal is prosecuted.

The cause was tried upon the issues made upon a special plea of the defendant (appellee), setting up, in substance, the following facts:

That on December 2, 1890, the Peter Schoenhofen Brewing Company recovered a judgment against B. H. Kemper, who was then the owner of the goods in question, upon which judgment a writ of *fieri facias* was sued out upon the same day and levied upon the said goods; that two days later the said Kemper and another replevied the said goods from the defendant sheriff, who returned the said writ of *fieri facias*, "no part satisfied," and recited in his return the replevying of said goods; that said replevin suit was pending until June 7, 1892, when, upon a trial, the issues were found for the defendant and a writ of *retorno habendo* awarded; that thereupon the writ of *retorno habendo* issued, under and by virtue of which writ the said goods were taken from the plaintiff, George Wilson, and were returned to the defendant, the sheriff; and "that on, to wit, the 17th day

of June, 1892, an alias writ of *fieri facias* was issued out of said Circuit Court of said county. by the said Peter Schoenhofen Brewing Company, against the said B. H. Kemper, directed to the sheriff of said county aforesaid, commanding him, as in the first writ of *fieri facias*, to wit, on the same day in the said declaration mentioned, being the same time, when, etc., said alias writ being then in full force and unsatisfied, then took the said goods and chattels in said declaration mentioned and detained the same in execution of the said alias writ, which are the same taking and detention in said declaration above mentioned."

To this plea the plaintiff filed a general replication that the plaintiff, by reason of anything in said plea alleged ought not to be barred of having her aforesaid action, "because she says the said goods and chattels in the said declaration mentioned at the said time, when, etc., were the property of George Wilson, deceased, and not of Bernard H. Kemper."

Upon the issues thus formed the cause was tried. One of the material facts set up in the plea, and not denied by the replication, is, that the goods were taken from the appellant and returned to the appellee, the sheriff, under and by virtue of the writ of *retorno habendo* awarded in the replevin suit that was tried on June 7, 1892. The effect of the judgment in that suit was to restore the sheriff to the possession of the goods which he had acquired by virtue of the levy under the execution against Kemper.

Instead of issuing an alias execution thereafter, as the plea alleged was done, the regular course would have been, the prior levy remaining undisposed of, to sue out a *venditioni exponas*, and sell the property so returned to the sheriff. Marshall v. Moore, 36 Ill. 327; Babcock v. McCamant, 53 Ill. 214.

Or, the writ of *venditioni exponas* conferring no new authority upon the sheriff, but only requiring him to do that which is already his duty to do, he might have proceeded with a sale of the property by virtue of the levy previously made under the original writ. Willoughby v. Dewey, 63

Ill. 246; Bellingall v. Duncan, 3 Gil. 477; Phillips v. Dana, 3 Scam. 551; Logsdon v. Spivey, 54 Ill. 104; Hastings v. Bryant, 115 Ill. 69.

Now, the appellee having once levied upon the goods, and his right continuing to sell them by virtue of the levy, the suing out of the alias writ as set up in the plea was unnecessary, and at most an irregularity, and the setting up of that fact might well be treated as surplusage. But it is contended that the effect of the plea is to show that appellee had abandoned the former levy and that he took and held the goods under the alias execution.

Waiving the question of whether the appellee had the right to release the original levy and make another without the consent of the execution debtor, or an order of the court out of which the execution issued, which it has been held, can not be done (Smith v. Hughes, 24 Ill. 270), we do not understand the plea to be open to such objection. The plea as certainly avers the return of the goods to the appellee under the writ of *retorno habendo* in the Kemper replevin suit, as it does their subsequent taking under the alias writ on the original judgment. It having been seen that the original execution, or a writ of *venditioni exponas* to carry out the original execution, was all that was needed by the appellee, the pleading of surplus matter, like the issuance of an alias execution and the taking again of the goods thereunder, is not enough of itself to establish an abandonment of the original levy. An abandonment of the original levy will not be inferred from the mere mistaken and irregular issuance of the alias writ. Freeman on Executions, Sec. 271, and cases there cited.

Upon the authority of the cases referred to in Freeman, *supra*, it would seem clear that the fact pleaded, of the issuance of the alias writ and the taking thereunder, when taken in connection with the other fact pleaded, of the former taking by virtue of the original writ, and the award of the writ of *retorno* to the appellee, under which the goods were returned to him because of the former taking, should not be regarded as the stating of an abandonment of the

656 APPELLATE COURTS OF ILLINOIS.

VOL. 58.]    Trevette v. Commercial Loan and Bldg. Ass'n.

former levy.    At the most, it was pleading matter that was not at all essential to appellee's rights, and was surplusage.

An amendment of the plea, striking out the surplus matter, while advantaging the plea artificially, would not have changed its legal effect nor have varied the proof before the court.

The question was one purely of law, and the judgment of the court was right.    It will therefore be affirmed.

MR. JUSTICE GARY.

There is another reason for affirming this judgment.    The replication says that the goods "at the said time when, etc., were the property of George Wilson, deceased, and not of Bernard Kemper."

The time at which the plea alleges that the goods were Kemper's is December 2, 1890, and the replication being a traverse of the plea, the "etc." refers to that date; "being construed to mean 'every necessary matter that ought to be expressed.'"    Am. & Eng. Cycl. 570.

There is no pretense that Wilson had then any claim to the goods.