## Peasley & Co. et al. v. T. F. Weaver.

1. EXECUTION—*Without a Seal—Sales Under, Void.*—A sale of real estate under an execution having no seal is void, and such execution can not afterward be amended so as to render the sale valid.

2. ESTOPPEL—*To Deny the Validity of an Execution.*—A party litigant may enter a motion to stay an execution and otherwise treat it as a valid writ without being estopped from objecting to it upon his discovery that it is void.

3. SAME—*Elements of.*—An equitable estoppel is based upon a fraudulent purpose and a fraudulent result; where the element of fraud is wanting or where there is no deception followed by a change of conduct in consequence, there is no estoppel.

**Motion to Vacate a Sale of Lands,** under a void execution. Appeal from the Circuit Court of McLean County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded, with directions. Opinion filed January 11, 1896.

I. N. PHILLIPS and A. W. PEASLEY, *pro se*, attorneys for appellants.

That the statute requires all process to be sealed with the seal of the court, see Starr & Curtis' Statute, chapter 37, paragraph 67: " Where the law expressly directs that

process shall be in a specified form, such a provision is mandatory." Ames v. Sankey, 128 Ill. 523; Sidwell v. Schumacher, 99 Ill. 433; Eagan v. Connelly, 107 Ill. 466; Ferris v. Crow, 5 Gilm. 96. Void process can not be amended. Bybee v. Ashby, 2 Gilm. 151 and 167; Durham et al. v. Heaton, 28 Ill. 264; Sidwell v. Schumacher, 99 Ill. 427.

A sale of land under an execution that is not under the seal of the court is absolutely void, and may be successfully resisted in any kind of proceeding, or in any forum in which the question may arise. Davis v. Ransom et al., 26 Ill. 100, 107; Sidwell v. Schumacher, 99 Ill. 427; Hernandez v. Drake, 81 Ill. 35; Roseman et al. v. Miller, 84 Ill. 297; Bunn et al. v. Gardner, 18 Brad. 94; Baldwin v. Freydendall, 10 Brad. 111; Huls v. Buntin, 47 Ill. 396.

The execution being void, all acts performed under it are void, and no rights can be divested by it or acquired under the same. Coal & Mining Co. v. Coal & Mining Co., 111 Ill. 38; Myer v. Mintonye, 106 Ill. 420; Brown v. Parker, 15 Ill. 308; Borders et al. v. Murphy, 78 Ill. 86; Durham et al. v. Heaton, 28 Ill. 271.

Edward Barry, attorney for appellee.

The omission of the seal was a mere clerical error, a misprision of the clerk, and the court should have allowed the amendment. Whatever may be said by courts in ejectment cases where the question of amendment does not arise, the great weight of authority is to the effect that the execution should be amended by attaching seal. It is an error of form and not of substance. Freeman on Executions, Sec. 46; Bridewell v. Mooney, 25 Atk. 524; Taylor v. Courtney, 15 Neb. 190; Dever v. Aiken, 40 Ga. 429; Corwith v. Bank, 18 Wis. 560; Sabin v. Austin, 19 Wis. 421; People v. Duning, 1 Wend. 16; Dounice v. Eacker, 3 Burb. 17; Arnold v. Nye, 23 Mich. 286; Sawyer v. Baker, 3 Greenleaf 29; Purcell v. McFarland, 1 Ired. 34.

A motion to stay an execution is a confession of the validity of the judgment. After a motion to stay, defendants are estopped to show that the judgment is void. Anderson

v. Kimbro, 5 Cald. (Tenn.) 260; Tifts v. Keaton, 2 S. E.
(Ga.) 690.

Void judicial sales may be ratified and parties estopped
from questioning the same. The application of this doc-
trine does not depend on any supposed distinctions between
void and voidable sales. They are an exception to the rule
that that which is void can not be ratified. Freeman on
Void Judicial Sales, Sec. 50; Fallen v. Worthington, 22 Pac.
Reptr. 962; Maple v. Cussard, 53 Pa. St. 348; Johnson v.
Fritz, 44 Pa. St. 449; DeLord v. Mercer, 24 Ia. 118; Mc-
Connell v. People, 71 Ill. 481; Johnson v. Cooper, 56 Miss.
608.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE
COURT.

This was a motion filed by appellants, defendants below,
on the 20th day of October, 1894, to set aside and vacate a
sale of lands under execution upon a judgment against them
in favor of appellee, at which he became the purchaser for
the amount of his judgment and the costs.

It was based on two grounds; first, that the execution
was void for want of a seal; and second, that the return
showed a sale of the lands in mass, without showing that
the individual, but undivided interests of the defendants
therein, or that the several tracts thereof were first offered
separately or in parcels.

The facts alleged being apparent from inspection of the
writ and the return, the plaintiff entered cross-motions for
leave to the sheriff to amend his return, and to the clerk to
amend the writ by affixing the seal thereto. Of these cross-
motions the first was allowed, but the second overruled, as
was also the original motion; which overrulings were by
the parties respectively excepted to and are here assigned
for error.

However it may be as to mesne process, before judgment
and upon a direct application to amend, we are clearly of
opinion that whether the want of a seal to final process
upon which property is sold makes it absolutely void and

not amendable upon any application, is no longer an open question in this State; and therefore the decisions in others and the opinions of text writers upon it as an original question, are not for us to consider.

In Sidwell v. Schumacher, 99 Ill. 427, after noticing nearly all of the preceding cases on the subject, the court said that "the present review of the authorities clearly warrants the conclusion that a sale of land under an execution that does not run in the name of the people, that is not sealed or is not signed by or directed to the proper officer, is absolutely void, and may be successfully resisted in any kind of a proceeding, or in any forum in which the question may arise."

It is true, as suggested by counsel, that in that case and in most of the others cited for appellants, the power to amend was not in question, and the decisions were only that process so defective would not support a claim of legal title made under it, in the very technical action of ejectment which respects only such; and true, also, as was said in Commissioners, etc., v. Barry, 66 Ill. on page 498, that it "is not uncommon to confound void with voidable, and to term void that which is only voidable." In the Sidwell case, however, the court was clearly not unmindful of these suggestions, and to avoid the not uncommon confusion noticed, deliberately qualified the term "void" by the strongest word it could employ for the purpose manifestly intended—"absolutely"—which Worcester defines as "completely; in the fullest sense; without condition, limitation, relation or dependence." We apprehend that it is very uncommon for courts of last resort to term "absolutely" void that which they understand to be voidable only. Some of the earlier cases held that mesne process, void on its face by reason of what was assumed to be misprision of the clerk, might be amended upon application before judgment; but if it was ever held that void final process on which sale had been made could be amended by "any kind of proceeding, or in any forum," of which we are not advised, we think it overruled by Sidwell's case and others later, cited in Ames v. Sankey, 128 Ill. 523.

But it is further claimed that appellants are estopped to assert the invalidity of this unsealed writ.

It appears that on the 18th of March, 1893, being of the February term of the court below, appellee obtained a judgment against Peasley & Co., as a firm, and on the same day another against the firm and Hannah Peasley. On the 20th, in the same term of the same court, the Third National Bank of Bloomington obtained another against the same defendants last named; upon each of which, respectively, execution was immediately issued and levied upon the personal property of the firm alone. As a firm it owned no real estate. On the 23d of the same month upon a bill filed by said firm for that purpose, a receiver was appointed to take charge of its assets, with the consent of these judgment creditors and by an order of court which preserved their rights therein; and the sheriff turned over to him the property so levied upon. By the 30th of August this property had been sold by the receiver, but did not realize enough to pay the first of Weaver's judgments. All of the executions being then *functus*, he ordered the one issued on his second judgment returned *nulla bona*, and on September 1st, sued out the *alias* thereon, which is the writ here in question, and had it levied upon the individual interests of the defendants in the lands referred to, which were advertised to be sold on Nov. 28, 1893. Thereupon a controversy arose between the bank and Weaver as to their respective rights in the proceeds of these lands, upon the petition of the bank filed in the receiver case on November 13th, denying the priority claimed by Weaver; to which the latter and these appellants were made parties. A demurrer thereto by Weaver was sustained in part, and the respondents ruled to answer as to the rest. Weaver answered but these appellants did not. The matter was heard on a stipulation as to the facts, made by Weaver and the bank, but not by appellants, and the court held that all the executions should share *pro rata* in those proceeds, and ordered Weaver, who had purchased at the sale made in the meantime for the amount of his second judgment and costs, to pay to the bank its *pro rata* share. From that order

Weaver appealed to this court, which reversed it for reasons stated in the opinion filed. Weaver v. The Bank, 56 Ill. App. 664.

Before the sale was made appellants entered their motions, first, in the receiver case, to stay the execution, and afterward in the law case to stay the levy and sale, until the receiver could complete the disposition of the assets in his hands and make distribution of the proceeds. Both of them were denied and the orders denying them entered of record before the one here in question was filed.

It does not appear on the face of either, nor is it claimed that on their hearing any attack was made on the execution itself for the defect therein or otherwise. They were rested on the allegations that Weaver had consented to the appointment of the receiver, into whose hands had come a large amount of the firm assets in addition to the tangible property levied on and turned over by the sheriff; that he had distributed and reported in part only; that the firm was the real debtor, and that the assets when converted would probably suffice to satisfy all of the judgments, and should be first applied thereon. The sale of the lands was advertised to be made on November 28th, and it was not until the 27th that the last of these two motions was heard. The execution was not produced on the hearing. That it had no seal was a fact not brought to the notice of the court, and seems not to have been observed by any of the parties. Its validity was not adjudicated nor referred to.

But it is claimed that the failure of appellants then to attack it and their submission to the orders denying their motion to stay it, and to stay the levy and sale under it, operate as an estoppel *in pais* against the present attack.

There is no evidence of any fraudulent intention in these proceedings on the part of appellants, nor is any such charged. To constitute an equitable estoppel, then, there must have been some misleading act or declaration which naturally induced some conduct or change of conduct on the part of appellee that he otherwise would not have pursued or made, and to his wrong and injury—in other words, an effect or

consequence of allowing them now to assert the invalidity of the writ which would be fraudulent and unjust as to him. Hill v. Blackwelder, 113 Ill. 283; Robbins v. Moore, 129 Id. 30, and cases there cited.

It is said that by the motions to stay, the validity of the writ was assumed and the assumption acted upon by appellants with the knowledge that appellee was relying upon the execution to satisfy his judgment, and that he was thereby misled into a waiver of his right to participate in the receiver's distribution and to incur the costs to the sheriff for making the sale. Which is to say that the party whose writ it was, who sued it out, whose duty and interest required him to know whether it was valid, and to whom the means of knowledge were at least as ample and open as to appellants, who ordered its levy, asserted its validity, declared his purpose to have it executed, and persistently pursued it —all before these motions to stay it were made, against opposition by the bank and without the slightest encouragement from appellants—was misled by these motions to believe what he had all along been asserting and never doubted, and consequently to waive rights and incur costs. In view of his previous conduct it can not be supposed that but for these motions he would have dropped his writ, taken his dividend and saved his costs. From all the circumstances shown, it seems clear that in the matter of deception, as between these parties, appellee was the leader and not the led. And he misled, no doubt ignorantly and honestly, but none the less really. It was not appellants' assumption, by their motions, of the validity of the writ, that induced appellee to waive any right or incur any liability, but his assertions and action in relation to it that induced and warranted that assumption and the motions made upon it. He waived his dividend and incurred his liability to the sheriff upon his own independent belief that his execution was regular, and a more certain and sufficient security for the payment of his judgment than the assets in the hands of the receiver. Appellants did him no wrong, by action or omission, in assuming the situation to be as

he so asserted, and acting accordingly. Whatever their own interest might have prompted or required them to do, they owed him no duty to examine the writ and inform him that it was without a seal. Their interest and position were openly adverse to his. He did not rely on them for information or advice respecting his own proceedings. They did not positively misrepresent anything, or conceal anything, or even in any way assume anything concerning his writ that he did not previously assume and continuously insist on. Whatever loss he has sustained in the premises is due to his own neglect or oversight, wholly uninfluenced by any act or omission of appellants.

Upon the authority of the cases on that point already referred to, and that of Holcomb v. Boynton, 151 Ill. 294, we are of opinion that the record here presents no element of an equitable estoppel or of any adjudication which should have prevented the allowance of the original motion. It is therefore unnecessary to consider the rulings on the cross-motions.

For the error indicated the judgment will be reversed and the matter remanded, with directions to vacate and set aside the execution and sale.

Reversed and remanded with directions.