### In re WENDLING BROTHERS, INC., Debtor.

THOMASVILLE FURNITURE INDUSTRIES, INC., Venture Furniture, a division of Lane Co., Inc., and American-Drew, Inc., Plaintiffs,

v.

WENDLING BROTHERS, INC., Defendant,

Raymond Costello, Trustee.

Bankruptcy Nos. 80 B 8830, 80 A 1562.

United States Bankruptcy Court, N. D. Illinois, E. D.

Feb. 3, 1981.

John Ruddy, Ruddy, Myler, Ruddy & Fabian, Aurora, Ill., for debtor.

Joseph R. Voiland, Tyler, Peskind, Solomon & Hughes, Aurora, Ill., for plaintiffs.

### MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the complaint of Thomasville Furniture Industries, Inc., Venture Furniture, a division of Lane Co., Inc., and American-Drew, Inc., to modify the stay imposed by 11 U.S.C. § 362(a) (hereinafter 'Thomasville,' 'Venture' and 'American' respectively). Debtor replied with a motion to dismiss said complaint. The court having considered the pleadings and memoranda filed and being fully advised in the premises, makes the following findings.

---

## FINDINGS OF FACT

The facts are not disputed. The three plaintiffs, Thomasville, Venture and American are all judgment creditors of debtor. Pursuant to said judgments, the plaintiffs had writs of execution issued by the clerk, delivered to the sheriff and served on the debtor. The sheriff levied and seized certain assets and inventory of the debtor pursuant to said writs and before the return day stated on the writs. The sheriff still has possession of the seized property. However, he has not sold the property.

Thomasville's writ was issued on October 1, 1979 and delivered to the sheriff around October 19, 1979; Venture's writ was issued on October 1, 1979 and delivered to the sheriff around October 20, 1979; and American's writ was issued on September 28, 1979 and delivered to the sheriff around October 19, 1979. The sum of $1,775.12 remains unsatisfied on the judgment rendered for Thomasville, the sum of $3,272.12 remains unsatisfied on the judgment for Venture and the sum of $2,711.32 remains unsatisfied on the judgment rendered for American. All three plaintiffs had writs of execution re-issued, re-delivered and re-served on or about June 26, 1980. The debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 17, 1980. Plaintiffs seek relief from the automatic stay so that the sheriff may sell and dispose of the assets now in his possession seized pursuant to the writs of execution. The proceeds from the sheriff's sale would then be applied to the unsatisfied portion of the plaintiffs' judgment.

## ISSUE

The sole issue is whether the execution lien created by the issuing of the writ of execution expired 90 days from the date the executions were issued. Debtor contends the liens expired and the sheriff has no power to sell the seized property after the 90 day return day.

## CONCLUSIONS OF LAW

■ In Illinois writs of execution are returnable in 90 days. Once the writ is delivered to the sheriff, the writ "becomes at that time a lien and binds all the goods and chattels of the person against whom it is issued." 18 *Illinois Law and Practice, Executions* § 41. Upon receipt of the writ, the sheriff must execute it without delay. As a general rule the lien of an execution does expire on the return day of the writ, but the lien *does not expire* as to property properly levied upon. 18 *Illinois Law and Practice, Executions* § 47. In the instant case the sheriff properly seized the debtor's property before the return day. It is well-settled in Illinois that where

> the original executions (have) been levied in their lifetime, there (is) power to sell under them.

*Willoughby v. Dewey*, 63 Ill. 246 (1872). The Illinois Supreme Court has held that:

> After the return day, the writ, . . . has no vitality whatsoever. This, however, does not divest the officer of his title to goods properly seized by virtue of the execution within its life.

*Corbin v. Pearce*, 81 Ill. 461 (1876). In the instant case, the writs were properly issued, delivered and served. Pursuant to said writs the sheriff properly seized property of the debtor before the return day passed. Therefore, the court holds that the sheriff has title to the seized property and the sheriff can conduct a valid sale of the property notwithstanding the fact that the return day has long since passed.

A case directly on point with the instant case is *In re Schwab Printing Co.*, 59 F.2d 726 (7th Cir. 1932), where the 7th Circuit Court of Appeals held that:

> If, therefore, prior to the return date of this writ a lawful levy had been made upon the (property) . . . and the bankruptcy intervened before the date fixed for sale, the lien of the judgment upon the personal property of the debtor would persist notwithstanding the bankruptcy . . . *Id.* at 727.

WHEREFORE, IT IS ORDERED that plaintiff's complaint to modify the stay is hereby granted and the sheriff can sell or otherwise dispose of the seized property and

apply the proceeds of such sales to the unsatisfied judgments of the plaintiffs and debtor's motion to dismiss is denied.